IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID MARQUEZ,

    Plaintiff,

v.                                                                      No. 22-cv-0969 WJ-JFR

BERNALILLO COUNTY
METROPOLITAN DETENTION CENTER, *et al*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    This matter comes before the Court on Plaintiff's *pro se* Motion to Dismiss (Doc. 8) (Motion). Plaintiff seeks to dismiss his Prisoner Civil Complaint (Doc. 1-1) without prejudice. The Complaint names three Defendants: Bernalillo County Board of Commissioners (BCBC); Bernalillo County Metropolitan Detention Center (MDC); and the City of Albuquerque (the City). Each Defendant has appeared through counsel in this case. BCBC and MDC do not oppose Plaintiff's Motion. *See* Doc. 9. The City consents to relief in part but seeks dismissal with prejudice, consistent with its earlier Motion to Dismiss for Failure to State a Claim. *See* Docs. 7, 10.

    Fed. R. Civ. P. 41(a)(1)(A)(i) permits plaintiffs to dismiss an action without prejudice "before the opposing party serves either an answer or a motion for summary judgment." Rule 41(a)(1)(A)(i). The right to dismiss without prejudice is absolute, where the rule applies. *See Janssen v. Harris,* 321 F.3d 998, 1000 (10th Cir. 2003) (Rule 41(a)(1) grants "an absolute right to dismiss without prejudice"). The City has not filed an answer or summary judgment motion. As to the City's Motion to Dismiss, the Tenth Circuit has held such filing is insufficient to overcome

Plaintiff's rights under Rule 41(a)(1)(A)(i). *See De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011) (explaining the defendant "filed a motion to dismiss, not an answer or a motion for summary judgment. Thus, [plaintiff] could have dismissed the case [without prejudice] unilaterally under Rule 41(a)(1)(A)(i)"). Plaintiff is therefore entitled to dismiss his claims against the City without prejudice under Rule 41(a)(1)(A)(i). *See Welsh v. Correct Care, L.L.C.*, 915 F.3d 341, 344 (5th Cir. 2019) ("[A]s to all non-answering defendants, [plaintiff is entitled to unconditional dismissal by notice under Rule 41(a)(1)(A)(i) without prejudice").

Alternatively, even if the City could overcome Plaintiff's rights under Rule 41(a)(1), the Court finds dismissal without prejudice is also appropriate under Rule 41(a)(2). Rule 41(a)(2) provides that "an action may be [voluntarily] dismissed" after an answer is served "on terms that the court considers proper." Fed. R. Civ. P. 41 (a)(2). Like Rule 41(a)(1), dismissals under Rule 41(a)(2) are "ordinarily … [entered] without prejudice." *Mitchell v. Roberts*, 43 F.4th 1074, 1083 (10th Cir. 2022). However, the Court may enter a dismissal with prejudice if the alternative would "unfairly affect[] the other side." *Id*. There are no circumstances here demonstrating unfairness or that would otherwise warrant deviating from the general rule. The original complaint was filed only a few months ago, and the case is still in the screening phase. Accordingly, the Court will grant Plaintiff's Motion and dismiss this case without prejudice under Rules 41(a)(1) and (a)(2). The Court will also deny as moot the Motions to Dismiss for Failure to State a Claim (Docs. 5, 7) filed by BCDC, MDC, and the City.

**IT IS ORDERED** that Plaintiff's Motion to Dismiss (**Doc. 8**) is **GRANTED**; Plaintiff's Prisoner Civil Complaint (**Doc. 1-1**) is **DISMISSED without prejudice**; and the Court will enter a judgment closing the civil case.

**IT IS FURTHER ORDERED** that Motions to Dismiss for Failure to State a Claim (**Docs. 5, 7**) filed by BCDC, MDC, and the City are **DENIED as moot**.

**SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE